## McGovern v. Armstrong et al.

*Ralph H. Frank* and *Edward O. Spotts, Jr.*, for plaintiff.

No appearance for defendants.

MARTIN and GRAY, JJ., April 28, 1928.—This is an application for a preliminary injunction to restrain Joseph G. Armstrong, one of the County Commissioners of Allegheny County, from acting as a member of the return board for computing and canvassing the returns of the primary election held on April 24, 1928. Laying aside the objection that equity has no jurisdiction, we have considered the case upon the merits.

The contention of the plaintiff, one of the County Commissioners of Allegheny County, is that Joseph G. Armstrong, another commissioner of the county, is not qualified to act because he was a candidate for State Committeeman of the Republican Party in the Thirty-eighth Senatorial District. The plaintiff relies upon the Act of June 29, 1923, P. L. 920, which amended section 14 of the Act of July 12, 1913, P. L. 719. So far as material to this case, the act provides: ". . . if any of the county commissioners of any county shall be a candidate for any nomination at any primary he shall not act as a member of the return board for computing and canvassing any returns of such primary, but the other two commissioners, if both are qualified, shall act. . . ."

We cannot agree with plaintiff's contention. The primary act deals with two distinct matters, the nomination of candidates of political parties for certain public offices and the election of certain party officers, including State committeemen. Throughout the act there is a clear distinction made by the legislature between these two different subject-matters. This distinction is expressed in the title of the act, is found in every section of the act which deals with either matter, and was clearly recognized by the legislature. If the legislature had intended to disqualify a county commissioner from acting as a member of the return board because he was a candidate for election to an office of his party at a primary, it could have expressed such intention in simple language. The omission of the words "for any nomination" immediately succeeding the word "candidate" would have expressed such intention, or the insertion of the words "or election" after the words "for any nomination" would likewise have expressed the intention. We have no right to read into the statute words which are not there or take out words which are there. The matter is entirely statutory and the general principles of policy are for the legislature and not for the court. It may well be that the same reason which moved the legislature to prevent a county commissioner from acting as a member of the return board when he is a candidate for nomination at a primary should have influenced it to disqualify him if he was a candidate for election to an office in his party. But the legislature having made the clear distinction between nomination as a candidate for a public office and election to a party office made no such disqualification in the case of a candidate for election to an office of a party. Mr. Armstrong was not a candidate for a

nomination for a public office; he was simply a candidate for election as a State committeeman of the Republican Party.

It has been urged upon us that if the primary acts do not cover the situation, the matter is governed by the general election law and that the general election law prevents a county commissioner from acting as a member of the return board in case he is a canddiate.

Com. ex rel. *v.* Lenhart, 241 Pa. 129, rules this question otherwise.

The preliminary injunction is refused.

From William J. Aiken, Pittsburgh, Pa.